IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN EDWARD NESBITT,

    Plaintiff,                                  No. CIV S-07-2146 LKK GGH PS

    vs.

GERALDINE AGONCILLO NESBITT,      FINDINGS AND RECOMMENDATIONS
MIRIAM AGONCILLO BRAVO,

    Defendants.

_____/

        Plaintiff, proceeding in pro se, requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This case was referred to this court pursuant to E. D. Cal. L. R. 72-302(c)(21).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1).[1] Accordingly, the request to proceed in forma pauperis will be granted.

        The determination whether plaintiff may proceed in forma pauperis does not complete the present inquiry. Title 28 U.S.C. § 1915(e)(2) directs the court to dismiss a case at

---

[1] Plaintiff states he is not employed but receives monthly Social Security and Veterans' benefits in the amounts of $1217 and $1171, respectively; that he has $731 in a bank account but has no other assets; and that he provides full support for his daughter and partial support of his sons (80% and 30%, respectively).

1

any time if the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Additional grounds for dismissing a proposed complaint are improper form (Fed. R. Civ. P. 10(b)); lack of subject matter jurisdiction (Rule 12(b)(1)); and, again, failure to state a claim upon which relief may be granted (Rule 12(b)(6)). The complaint must also comply with general rules of pleading, as set forth in Fed. R. Civ. P. 8(a), which requires clear statements of (1) the court's jurisdiction, (2) claims showing entitlement to relief, and (3) plaintiff's demand for relief.

The complaint is one-page in length with thirty pages of attachments. The complaint names defendant Geraldine Agoncillo Nesbitt, plaintiff's wife, and her sister, Miriam Agoncillo Bravo, and alleges claims for (1) conspiracy to commit immigration fraud and assert "false pre-marital qualifications regarding Education/Work history," (2) perjury relative to a request for a restraining order filed against plaintiff by his wife (noting "self-inflicted wounds" and that the request was denied), and (3) Social Security Card Misrepresentation (noting "Second SS Card with altered name from Birth Certificate," and "commonly used in Philippines for Hidden bank account").

The attachments include: an August 2007 "Certificate of Acknowledgment" signed by Leonor Hubilla Lacson (witness to the occasion when defendant Miriam Agoncillo and others provided premarital information to plaintiff regarding Geraldine Agoncillo); plaintiff's resume of education and work experience; an August 2004 tax statement of projected income pursuant to self-employment ($10,000 as a community service consultant); demonstration that Geraldine Agoncillo was designated an "administrative assistant" to plaintiff's business; plaintiff's July 2003 application for a "fiancee visa" for Geraldine Agoncillo; a September 2007 "Certificate of Acknowledgment" signed by plaintiff in support of his May 2007 complaint for immigration fraud (complaint not provided); a June 2006 request for restraining order and child custody/support order, filed by defendant Geraldine Nesbitt (Agoncillo); the July 2006 decision

1  of the superior court denying the request for restraining order; and a copy of "H.R. 3188,"
2  legislation to protect "immigrant victims of violence."
3        The complaint is in improper form and fails to establish this court's jurisdiction or
4  state a claim upon which relief may be granted.  Fed. R. Civ. P. 8, 12(b)(1), (6).  Immigration and
5  Social Security fraud are matters subject to federal prosecution or, initially, the administrative
6  procedures of each respective federal agency.  The complaint and information provided
7  demonstrate no reasonable basis upon which to rest this court's jurisdiction or allege a claim
8  upon which relief could be granted.  Amendment of the complaint would be futile.
9        Accordingly, although plaintiff's request to proceed in forma pauperis is
10 GRANTED, this court HEREBY RECOMMENDS dismissal of the complaint with prejudice.
11 28 U.S.C. § 1915(e)(2); Fed. R. Civ. P. 12(b)(1) and (6), and 41(b).
12       These findings and recommendations are submitted to the United States District
13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
14 after being served with these findings and recommendations, plaintiff may file written objections
15 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
16 and Recommendations."  Plaintiff is advised that failure to file objections within the
17 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
18 F.2d 1153 (9th Cir. 1991).
19 DATED: 12/11/07                                       /s/ Gregory G. Hollows

                                                                                                    _____
20                                                                                                     GREGORY G. HOLLOWS
                                                                                                    U. S. MAGISTRATE JUDGE
21 GGH5Nesb2146.ifp
22
23
24
25
26